October 12, 1994 [NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

Nos. 93-2051
93-2234
94-1589

J. DOE,

Plaintiff, Appellant,

v.

HARVARD UNIVERSITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Selya, Cyr and Stahl,
Circuit Judges.

J. Doe on brief pro se.

Eileen M. Hagerty, Kern, Hagerty, Roach & Carpenter on brief for

appellee.
Margaret H. Marshall and Kathleen B. Rogers, Office of General

Counsel Harvard University, on brief for appellee.

Per Curiam. Appellant J. Doe, a student suspended from

the Extension School of appellee Harvard University, filed a

complaint in June 1993 alleging that she had been

discriminated against by Harvard because of a learning

disability from which she suffers. Her complaint alleged

violations of the Civil Rights Act, 42 U.S.C. 1983, the

Individuals with Disabilities Act [IDEA], 20 U.S.C. 1400-

1485, the Rehabilitation Act, 29 U.S.C. 701-797b, and the

Americans with Disabilities Act [ADA], 42 U.S.C. 12101-

12213. She sought injunctive relief in the form of an order

compelling Harvard to reinstate her as a student and to

refrain from other alleged acts of discrimination. At the

same time, Doe also filed a motion for a preliminary

injunction seeking similar relief. The district court

dismissed the parts of the complaint predicated on the Civil

Rights Act and the IDEA and granted summary judgment to

Harvard on the remaining counts. The court also denied Doe's

request for a preliminary injunction. Later the district

court denied Doe's motion for reconsideration. Doe appeals

the dismissal of her case, the denial of her motion for

reconsideration and the denial of her request for a

preliminary injunction. She also appeals the refusal by the

district court judge to recuse himself. After having

reviewed carefully the record in this case, the parties'

briefs, and appellant's numerous filings, we affirm.

-3-

Doe's claims pursuant to Section 1983 of the Civil

Rights Act and those pursuant to the IDEA were both properly

dismissed. This court has previously held that Harvard "is

not a public institution, and is not sufficiently intertwined

with the Commonwealth of Massachusetts as to meet the 'state

action' requirement for a 1983 cause of action." Rice v.

President and Fellows of Harvard College, 663 F.2d 336, 337

(1st Cir. 1981), cert. denied, 456 U.S. 928 (1982). The IDEA

"provides federal money to assist state and local agencies in

educating handicapped children, and conditions such funding

upon a State's compliance with extensive goals and

procedures." Board of Education v. Rowley, 458 U.S. 176, 179

(1982) (emphasis added). The IDEA does not apply to adults

like Doe, see 20 U.S.C. 1412(2)(B) (children are those

between three and twenty-one years old), nor does it apply to

private institutions like Harvard, see. e.g., 20 U.S.C.

1415(a) (IDEA seeks to guarantee "free appropriate public

education").

To prevail on a claim under either the Rehabilitation

Act or the ADA Doe must show, inter alia, that she has been

discriminated against because of her disability. See 29

U.S.C. 704(a) ("no otherwise qualified individual . . .

shall, solely by reason of her or his disability, . . . be

subjected to discrimination") (Rehabilitation Act); 42 U.S.C.

12112(a) ("[n]o covered entity shall discriminate against a

-4-

qualified individual with a disability because of the

disability of such individual") (ADA). In its motion for

summary judgment Harvard presented sworn affidavits, with

documentary support, which indicated that it had accommodated

Doe's disability to the full extent recommended by the only

psychologist Doe consulted on this matter. Harvard also

presented evidence that the other acts of alleged

discrimination were taken for legitimate, non-discriminatory

reasons.

In opposition to the motion for summary judgment, Doe

set forth no specific facts as required by Fed. R. Civ. P.

56(e), but only "'conclusory allegations, improbable

inferences, and unsupported speculation'" that she had been

the victim of discrimination. Pagano v. Frank, 983 F.2d 343,

347 (1st Cir. 1993) (quoting Medina-Munoz v. Reynolds Tobacco

Co., 896 F.2d 5, 8 (1st Cir. 1990)). This is not sufficient

to withstand a properly supported motion for summary

judgment. See also Wynne v. Tufts Univ. School of

Medicine, 976 F.2d 791, 794 (1st Cir. 1992) ("evidence that

'is merely colorable or is not significantly probative'

cannot deter summary judgment") (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 249-50 (1986), cert. denied, 113

S.Ct. 1845 (1993).

On appeal, Doe has also raised several other claims. We

need not address some of these because they were not

-5-

presented first to the district court. See, e.g., Kale v.

Combined Ins. Co., 861 F.2d 746, 755 (1st Cir. 1988). In any

event, none appears to have any merit.

The judgment of the district court dismissing

appellant's action is affirmed. The order of the court

denying appellant's request for a preliminary injunction is

affirmed. The denial of appellant's motion for

reconsideration is affirmed. The refusal by the district

court judge to recuse himself is affirmed. Appellant's

request for oral argument is denied. Appellant's request

that this court reconsider its denial of her request for

district court transcripts at court cost is denied.

-6-